UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| MERLE SILVA,<br><br>          Plaintiff,<br><br>   vs.<br><br>R.J. REYNOLDS TOBACCO COMPANY, A<br>NORTH CAROLINA FOR-PROFIT<br>CORPORATION;<br><br>         Defendant. | CIV. NO. 24-00087 LEK-RT |

**ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFFS' MOTIONS FOR REMAND AND SANCTIONS**

On February 23, 2024, Plaintiffs Marvin Manious and
Valerie Manious ("the Maniouses") and Plaintiff Merle Silva
("Silva") filed motions seeking remand of their respective cases
and awards of removal-related attorney's fees and costs.
[Manious v. R.J. Reynolds Tobacco Co., CV 24-00086 LEK-RT
("Manious"), Plaintiffs' Emergency Motion to Remand and
Supporting Memorandum of Law and Motion for Sanctions, filed
2/23/24 (dkt. no. 34) ("Manious Motion"); Silva v. R.J. Reynolds
Tobacco Co., CV 24-00087 LEK-RT ("Silva"), Plaintiff's Emergency
Motion to Remand and Supporting Memorandum of Law and Motion for
Sanctions, filed 2/23/24 (dkt. no. 37) ("Silva Motion").]
Defendant R.J. Reynolds Tobacco Company ("R.J. Reynolds") filed
its memoranda in opposition on February 28, 2024. [Manious, dkt.
no. 40 ("Manious Opp.")); Silva, dkt. no. 43 ("Silva Opp.").]

The Maniouses and Silva filed their respective replies on March 1, 2024. [Manious, dkt. no. 41; Silva, dkt. no. 41.]

These matters came on for hearing on March 5, 2024. The Manious Motion and the Silva Motion (collectively "the Motions") are hereby granted in part and denied in part for the reasons set forth below. The Motions are granted insofar as Manious and Silva are remanded to the state court, and the Motions are denied as to Plaintiffs' respective requests for removal-related attorney's fees and costs.

## BACKGROUND

The Maniouses filed their Complaint on March 15, 2022 in the State of Hawai`i Circuit Court of the Third Circuit, Kona Division ("state court"). See Manious, Notice of Removal, filed 2/22/24 (dkt. no. 1), Exh. A (Complaint) ("Manious Complaint"). The defendants named in the Manious Complaint were:

-cigarette manufacturers R.J. Reynolds as the successor to
    Lorillard Tobacco Company, American Tobacco Company, and
    Brown & Williamson Tobacco Corporation; Philip Morris USA,
    Inc. ("Phillip Morris"); and Liggett Group LLC, formally
    known as Liggett Group, Inc., Brooke Group, Ltd., Inc., and
    Liggett & Meyers Tobacco Company ("Liggett" and
    collectively "Manufacturer Defendants"); [id. at ¶¶ 8-12;]
-entities that provided legal services to the Manufacturer
    Defendants and whose services allegedly supported the

2

Manufacturer Defendants' distribution and sale of
cigarettes in Hawai`i: Shook, Hardy & Bacon L.L.P.
("Shook"); Covington & Burling L.L.P. ("Covington"); Womble
Bond Dickinson L.L.P. ("Womble"); Greenspoon Marder L.L.P.
("Greenspoon" and collectively "Law Firm Defendants"); [id.
at pg. 2 & ¶¶ 13-16, 71;] and

-entities that sold cigarettes to Marvin Manious in Hawai`i:
Foodland Super Market, Limited, doing business as Foodland,
Sack 'N Save Foods, and Gas N Go ("Foodland"); J. Hara
Store, Inc. Limited ("J. Hara"); and Walmart Inc., doing
business as Walmart ("Walmart" and collectively "Retail
Defendants"), [id. at pg. 2 & ¶¶ 17-19].

The Manious Complaint alleges Marvin Manious began smoking
cigarettes in approximately 1978, when he was a teenager, and he
smoked Kool brand cigarettes from 1978 to 2015. He was diagnosed
with laryngeal cancer on September 18, 2020. The Manious
Complaint alleges smoking Kool brand cigarettes caused Marvin
Manious's cancer. In deciding to begin and to continue smoking,
Marvin Manious allegedly relied on representations and
warranties that he was exposed to in advertising and marketing
by the Manufacturer Defendants. He purchased the cigarettes that
he smoked from the Retail Defendants. [Id. at ¶¶ 3-7.]

     The Manious Complaint alleges the following claims: a
strict products liability claim against R.J. Reynolds

("Count I"); a negligence claim against R.J. Reynolds ("Count II"); a fraud claim against R.J. Reynolds ("Count III"); two conspiracy claims against the Manufacturer Defendants ("Count IV" and "Count VII"); two conspiracy claims against the Law Firm Defendants ("Count V" and "Count VIII"); a fraudulent misrepresentation claim against R.J. Reynolds ("Count VI"); a strict liability claim against the Retail Defendants ("Count IX"); a breach of implied warranty claim against the Manufacturer Defendants ("Count X"); and a loss of consortium claim against all defendants ("Count XI"). [Id. at pgs. 56-90.]

Silva filed her Complaint on September 7, 2022 in the state court. [Silva, Notice of Removal, filed 2/22/24 (dkt. no. 1), Exh. A (Complaint) ("Silva Complaint").] The Manufacturer Defendants, Shook, Covington, Womble, and Foodland are also named as defendants in the Silva Complaint. See id. at ¶¶ 8-16. J. Hara and Walmart are not named in Silva, but another retailer is – Par Pacific Holdings, Inc., doing business as Hele, 76, and Nomnom ("Par Pacific"). See id. at pg. 2 & ¶ 17. The core allegations of the Silva Complaint are similar to those in the Manious Complaint. See id. at ¶¶ 3-7. The claims in the Silva Complaint are the same as those in the Manious Complaint, except that Silva does not assert a loss of consortium claim. See id. at pgs. 56-90.

In May 2022, each of the Law Firm Defendants filed a motion to dismiss the Manious Complaint. See Manious, Notice of Removal, Exh. D-2 at state court dkt. no. 51 (dkt. no. 3 at PageID.2281-348) (Greenspoon's motion to dismiss, filed 5/9/22);[1] id. at state court dkt. no. 53 (dkt. no. 3 at PageID.2351-83) (Covington's motion to dismiss, filed 5/9/22); id. at state court dkt. no. 63 (dkt. no. 3 at PageID.2424-50) (Shook's motion to dismiss, filed 5/11/22); id. at state court dkt. no. 64 (dkt. no. 3 at PageID.2453-619) (Womble's motion to dismiss, filed 5/12/22).

On September 16, 2022, the state court granted Greenspoon's motion and dismissed the Maniouses' claims against Greenspoon without prejudice. See Manious, Notice of Removal, Exh. D-6 at state court dkt. no. 303 (dkt. no. 7 at PageID.9066-70) (Order Granting Without Prejudice Defendant Greenspoon Marder LLP's Motion to Dismiss for Lack of Personal Jurisdiction, Filed on May 9, 2022 [Dkt. 51]). On October 19, 2022, the state court issued written orders denying Shook's, Womble's, and Covington's respective motions to dismiss. [Id. at state court dkt. no. 352 (dkt. no. 7 at PageID.9337-41) (order

---

[1] Exhibit D is "[a] complete copy of the publicly filed pleadings in the" state court. [Manious, Notice of Removal at ¶ 52.] Exhibit D is comprised of multiple parts, cited as Exhibits D-1 through D-26. [Manious, dkt. nos. 2-27.]

denying Shook's motion); id. at state court dkt. no. 354 (dkt. no. 7 at PageID.9344-48) (order denying Womble's motion); id. at state court dkt. no. 356 (dkt. no. 7 at PageID.9351-55) (order denying Covington's motion).]

On November 15 and 16, 2022, Covington, Shook, and Womble each filed a motion seeking leave to file an interlocutory appeal. See Manious, Notice of Removal, Exh. D-6 at state court dkt. no. 393 (dkt. no. 7 at PageID.10736-51) (Covington's motion); id. at state court dkt. no. 395 (dkt. no. 7 at PageID.10754-90) (Shook's motion); id. at state court dkt. no. 397 (dkt. no. 7 at PageID.10793-926) (Womble's motion). The state court denied the motions during a February 6, 2023 hearing. See Manious, Notice of Removal, Exh. B (state court docket) at dkt. no. 514 (minutes). Also around that time, the state court consolidated Manious and Silva for discovery and trial. See Manious, Notice of Removal, Exh. C-2 (dkt. no. 1-6 at PageID.1099-1103) (Order Granting Plaintiffs' Motion to Consolidate for Discovery & Trial [Dkt. 389], filed in the state court on 2/7/23).[2]

While the interlocutory appeal motions were pending, the Maniouses' claims against Greenspoon were dismissed. See

---

[2] In light of the consolidation in the state court, the term "Retail Defendants" will be used to refer collectively to Foodland, J. Hara, Walmart, and Par Pacific.

id., Exh. C-5 (dkt. no. 1-6 at PageID.1117-21) (Stipulation for Partial Dismissal with Prejudice of All Claims Against Defendant Greenspoon Marder LLP and Order, filed in the state court on 11/14/22).

Approximately a week after the interlocutory appeal motions were denied, Womble, Shook, and Covington filed a petition for a writ of prohibition with the Hawai`i Supreme Court to prevent the state court from exercising personal jurisdiction over them, and the supreme court ultimately granted the writ. See Womble Bond Dickinson (US) LLP v. Kim, 153 Hawai`i 307, 537 P.3d 1154 (2023). On November 2, 2023, the state court entered orders dismissing Womble, Shook, and Covington with prejudice in the consolidated cases, pursuant to the Hawai`i Supreme Court's opinion. See Manious, Notice of Removal, Exh. D-8 at state court dkt. no. 663 (dkt. no. 9 at PageID.13808-10) (Womble dismissal order); id. at state court dkt. no. 665 (dkt. no. 9 at PageID.13813-15) (Shook dismissal order); id. at state court dkt. no. 667 (dkt. no. 9 at PageID.13818-20) (Covington dismissal order).

Trial in the consolidated cases was scheduled for February 27, 2024. See Manious, Notice of Removal, Exh. D-8 (dkt. no. 9) at PageID.14886 (page 3 of Third Supplemental Order Setting Trial Date, Pretrial Deadlines, Hearing(s), and Further Procedures, filed 12/5/23 (dkt. no. 776)).

Shortly before trial, the Maniouses' claims and Silva's claims against Liggett and Philip Morris were dismissed with prejudice. See id., Exh. C-3 (dkt. no. 1-6 at PageID.1104-10) (state court dkt. no. 1654 (Stipulation for Partial Dismissal with Prejudice as to All Claims Against Defendant Liggett Group LLC and Order, filed 2/21/24)); id., Exh. C-4 (dkt. no. 1-6 at PageID.1111-16) (state court dkt. no. 1703 (Stipulation for Partial Dismissal with Prejudice as to All Claims Against Defendant Philip Morris USA Inc. and Order, filed 2/22/24)). In addition, the Maniouses' claims and Silva's claims against the Retail Defendants were dismissed with prejudice. See id., Exh. C-10 (dkt. no. 1-6 at PageID.1178-82) (state court dkt. no. 1648 (Stipulation and Order for Partial Dismissal with Prejudice of All Claims Brought Against Defendants Foodland Super Market, Limited d/b/a Foodland, Sack 'N Save Foods, and Gas N Go, J. Hara Store, Inc., Walmart Inc., and Par Hawaii, LLC, d/b/a Hele and Nomnom, filed 2/21/24) ("Retail Defendants Stipulation")).

On February 22, 2024, R.J. Reynolds removed Manious and Silva based on diversity jurisdiction. [Manious, Notice of Removal at ¶ 4; Silva, Notice of Removal at ¶ 4.[3]] R.J. Reynolds

---

[3] Where a party makes the same argument in both Manious and Silva or when the cited source specifically addresses both cases, this Court will only cite the source from Manious as representative of both cases.

acknowledges that the removals are more than one year after the actions were commenced, but R.J. Reynolds contends the removals are timely because Plaintiffs acted in bad faith to prevent the removal. Plaintiffs named Foodland and J. Hara, both Hawai`i citizens for purposes of diversity jurisdiction (collectively "Hawai`i Retail Defendants"), even though Plaintiffs never actively litigated their claims against them. [Manious, Notice of Removal at ¶ 5.] To support its position that Plaintiffs only named the Hawai`i Retail Defendants to prevent removal, R.J. Reynolds points to the fact that the dismissal of the Retail Defendants did not involve the payment of any money by the Retail Defendants. See Manious, Notice of Removal, Exh. F (dkt. no. 1-8 at PageID.1247-55) (Declaration of Lyle S. Hosoda ("Hosoda Decl.")) at ¶ 6.[4] R.J. Reynolds also points out that: Plaintiffs did not seek discovery from the Hawai`i Retail Defendants; Plaintiffs have not identified a corporate representative from either of the Hawai`i Retail Defendants as possible witnesses; and Plaintiffs' expert witnesses have not offered any opinions about the Hawai`i Retail Defendants. See Manious, Notice of Removal at ¶ 5. R.J. Reynolds also argues that, because the Hawai`i Retail Defendants' liability would be

---

[4] Lyle Hosoda, Esq., was counsel for the Retail Defendants in Manious and Silva. [Manious, Notice of Removal, Exh. F (dkt. no. 1-8 at PageID.1249) (Hododa Decl.) at ¶ 2.]

derivative of the Manufacturer Defendants' liability, and
because Plaintiffs knew the Manufacturer Defendants would be
capable of satisfying any judgment in these cases, "Plaintiffs
had no use for the Hawai`i Retail[ Defendants] once the case
proceeded past the typical one-year removal deadline." [Id.]

        In the Motions, Plaintiffs argue the removals are
untimely because R.J. Reynolds has not established that
Plaintiffs acted in bad faith to prevent the timely removal of
these cases. Rather, Plaintiffs argue R.J. Reynolds acted in bad
faith by removing these cases on the eve of trial. See Manious
Motion, Mem. in Supp. at 6-15. In addition, Plaintiffs argue the
cases are not removable under the voluntary-involuntary rule.
Plaintiffs argue the dismissal of Shook, Covington, and Womble
was an involuntary act that also contributed to the reduction in
the number of defendants. Plaintiffs emphasize that Shook,
Covington, and Womble are all limited liability partnerships,
and their citizenships were never established. Thus, it is
possible that at least one of them would have been a Hawai`i
citizen for purposes of diversity jurisdiction. See id. at 15-
20. Plaintiffs also ask this Court to order R.J. Reynolds to pay
their removal-related attorney's fees and costs because the
removals were not objectively reasonable. See id. at 20-21.

**STANDARD**

"A civil case commenced in state court may, as a general matter, be removed by the defendant to federal district court, if the case could have been brought there originally." Martin v. Franklin Capital Corp., 546 U.S. 132, 134 (2005); see also 28 U.S.C. § 1441(a). One such basis for removal is diversity jurisdiction, and one of the circumstances where diversity jurisdiction exists is a suit between citizens of different states where the amount in controversy exceeds $75,000. See 28 U.S.C. § 1332(a)(1). If a case is not initially removable, the defendant may file a notice of removal within thirty days of receiving a copy of an amended pleading or other paper form from which the defendant first ascertains that the case has become removable. 28 U.S.C. § 1446(b)(3). However, where federal jurisdiction is based on diversity, the case may not be removed "more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C. § 1446(c)(1).

The bad faith exception to the one-year limit was added in 2011 "to prevent plaintiffs from joining non-diverse parties to actions solely to prevent a defendant from removing to federal court." Heacock v. Rolling Frito-Lay Sales, LP, CASE NO. C16-0829-JCC, 2016 WL 4009849, at *2 (W.D. Wash. July 27,

11

2016) (citing H.R. Rep. No. 112-10, at 15 (2011); <u>Heller v. Am.</u>
<u>States Ins. Co.</u>, 2016 WL 1170891, at *2 (C.D. Cal. Mar. 25,
2016)).

 In addition, this Court notes the following general
principles regarding removal:

> "A federal court is presumed to lack
> jurisdiction in a particular case unless the
> contrary affirmatively appears." <u>Stock W., Inc.</u>
> <u>v. Confederated Tribes of the Colville Rsrv.</u>, 873
> F.2d 1221, 1225 (9th Cir. 1989). "Removal and
> subject matter jurisdiction statutes are
> 'strictly construed . . . .'" <u>Hawaii ex rel.</u>
> <u>Louie v. HSBC Bank Nev., N.A.</u>, 761 F.3d 1027,
> 1034 (9th Cir. 2014) (quoting <u>Luther v.</u>
> <u>Countrywide Home Loans Servicing LP</u>, 533 F.3d
> 1031, 1034 (9th Cir. 2008)).
>
> Generally, a "defendant seeking removal has
> the burden to establish that removal is proper
> and any doubt is resolved against removability."
> <u>Id.</u> (quoting <u>Luther</u>, 533 F.3d at 1034). . . .

<u>Lake v. Ohana Mil. Cmtys., LLC</u>, 14 F.4th 993, 1000 (9th Cir.
2021) (first ellipsis in <u>Lake</u>).

**<u>DISCUSSION</u>**

**I. <u>Request for Remand</u>**

 R.J. Reynolds contends: that the amount in controversy
exceeds $75,000; that there is diversity of citizenship between
it and the Maniouses, as well as between it and Silva; and that
complete diversity did not exist until the dismissal of the
relevant Hawai`i Retail Defendants. <u>See</u> <u>Manious</u> Notice of
Removal at ¶ 4; <u>Silva</u> Notice of Removal at ¶ 4. Plaintiffs do

12

not dispute these representations. It is also undisputed that
the removal was more than one year after the commencement of the
action. The dispositive issue in the Motions is whether
Section 1446(c)(1) applies.

> The Ninth Circuit has not set a standard for
> district courts to follow when evaluating
> allegations of bad faith in this context, but
> district courts within the circuit generally have
> set a high bar for defendants "to demonstrate
> that a plaintiff acted in bad faith to prevent
> removal." Kolova v. Allstate Ins. Co., 438 F.
> Supp. 3d 1192, 1196 (W.D. Wash. 2020) (internal
> quotation marks and citation omitted). As an
> example, a plaintiff acts in bad faith by
> "fail[ing] to disclose the actual amount in
> controversy to prevent removal." 28 U.S.C.
> § 1446(c)(3)(B). . . .

Johnson v. Reliant Prop. Mgmt., Inc., No. 2:23-cv-01817-KJM-CKD,
2024 WL 81225, at *1 (E.D. Cal. Jan. 8, 2024) (brackets in
Johnson).

This Court finds persuasive the analysis in Heacock
and the cases that followed it. In Heacock, the district court
identified three factors that have been considered by district
courts within the Ninth Circuit when evaluating an assertion of
bad faith under § 1446(c): 1) "the timing of naming a non-
diverse defendant"; 2) "the timing of dismissal"; and 3) "the
explanation given for that dismissal." Heacock, 2016 WL 4009849,
at *3. Heacock also recognizes that those district courts have
"found bad faith when a plaintiff failed to actively litigate a
claim against a defendant **in any capacity**." Id. (emphasis in

13

original). Several district courts within the Ninth Circuit have applied the factors in the Heacock analysis. See, e.g., Kalfsbeek Charter v. FCA US, LLC, 540 F. Supp. 3d 939, 943 (C.D. Cal. 2021); Kolova, 438 F. Supp. 3d at 1196–97; Mapes v. FCA US LLC, Case No. 3:21-cv-00870-BEN-DEB, 2021 WL 3561245, at *3 (S.D. Cal. Aug. 12, 2021). In particular, this Court is persuaded by the analysis in Kalfsbeek, which described the issue of whether the plaintiff "actively litigated the case in 'any capacity' against a non-diverse defendant before dismissal" as one of the factors to be considered in determination of whether there was bad faith. See Kalfsbeek, 540 F. Supp. 3d at 943 (quoting Torres v. Honeywell, Inc., No. 2:20-CV-10879-RGK-KS, 2021 WL 259439, at *3 (C.D. Cal. Jan. 25, 2021) (citing Heacock, 2016 WL 4009849, at *3; Aguayo v. AMCO Ins. Co., 59 F. Supp. 3d 1225, 1263 (D.N.M. 2014))).

R.J. Reynolds urges this Court to apply the analysis in Aguayo v. AMCO Insurance Co., 59 F. Supp. 3d 1225 (D.N.M. 2014), and argues that, under Aguayo, the failure to actively litigate against the non-diverse defendant is dispositive. See Manious, Mem. in Opp. at 4 ("'[f]ailure to actively litigate against the removal spoiler will be deemed bad faith,' which ends the analysis" (quoting Aguayo, 59 F. Supp. 3d at 1262)). Heacock, Kalfsbeek, and other district courts within the Ninth Circuit have cited Aguayo but have applied a modified version of

14

the Aguayo analysis. See, e.g., Kalfsbeek, 540 F. Supp. 3d at
943; Heacock, 2016 WL 4009849, at *3-4; Mapes, 2021 WL 3561245,
at *3.

        This Court declines to follow Aguayo. As noted by the
district court in Heacock, Aguayo "pointed to inactive
litigation as the primary indicator of bad faith." Heacock, 2016
WL 4009849, at *4. In this Court's view, the decisions from the
district courts within the Ninth Circuit – which consider the
three factors identified in Heacock and include failure to
actively litigate as another factor to be considered, rather
than considering it a dispositive factor - are the more well-
reasoned decisions. Further, this Court believes those decisions
from district courts within the Ninth Circuit are a better
representation of what that the Ninth Circuit is likely to
adopt. This Court will therefore examine: the timing of naming
the Hawai`i Retail Defendants; the timing of the dismissal of
the Hawai`i Retail Defendants; Plaintiffs' explanation for the
dismissal of the Hawai`i Retail Defendants; and whether
Plaintiffs actively litigated their claims against the Hawai`i
Retail Defendants in any capacity. This Court will consider
those factors collectively to determine whether R.J. Reynolds
has carried its burden to establish that removal was proper.

        First, the fact that the respective Hawai`i Retail
Defendants were named defendants from the outset of each case

15

weighs against a finding of bad faith. "[I]t is well established that the plaintiff is 'master of her complaint' and can plead to avoid federal jurisdiction." <u>Lowdermilk v. U.S. Bank Nat'l Ass'n</u>, 479 F.3d 994, 998-99 (9th Cir. 2007) (some citations omitted) (quoting <u>Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.</u>, 535 U.S. 826, 831, 122 S. Ct. 1889, 153 L. Ed. 2d 13 (2002)).[5] Further, this was not a case in which a plaintiff added a nondiverse defendant during ongoing litigation in an attempt to avoid an anticipated removal. <u>Cf.</u> <u>Lacuesta v. Sam's West, Inc.</u>, CV 23-00479 RT, Order Granting Plaintiffs' Motion to Remand, filed 3/4/24 (dkt. no. 23), at 17 ("Plaintiffs' threats that they will add a nondiverse party to destroy diversity in response to Defendant's inquiries regarding damages strongly suggest that Plaintiffs were deliberately acting in bad faith in order to avoid removal.").[6] This Court also notes that the Maniouses and Silva served the Hawai`i Retail Defendants within

---

[5] <u>Lowdermilk</u> has been overruled on other grounds. <u>See</u> <u>Rodriguez v. AT & T Mobility Servs. LLC</u>, 728 F.3d 975, 981 (9th Cir. 2013). <u>Holmes Group</u> has been superseded in part by statute on other grounds. <u>See, e.g.</u>, <u>Xitronix Corp. v. KLA-Tencor Corp.</u>, 882 F.3d 1075, 1076 (Fed. Cir. 2018).

[6] In <u>Lacuesta</u>, the magistrate judge found that the plaintiffs acted in bad faith to prevent removal of the action. [<u>Lacuesta</u>, Order Granting Plaintiffs' Motion to Remand at 21.] However, the magistrate judge granted the plaintiffs' motion for remand because the defendant failed to remove the action within thirty days after it became apparent that the amount in controversy requirement for diversity jurisdiction was satisfied. [<u>Id.</u> at 24-25.]

forty-five days after the filing of the respective complaints. See Manious, Notice of Removal, Exh. D-1 at state court dkt. no. 20 (dkt. no. 2 at PageID.1387-88) (Return and Acknowledgement of Service for Foodland, filed 4/13/22); id. at state court dkt. no. 34 (dkt. no. 2 at PageID.1418-19) (Return and Acknowledgement of Service for J. Hara, filed 4/27/22); Silva, Notice of Removal, Exh. D-1 at state court dkt. no. 12 (dkt. no. 2 at PageID.1387-88) (Return and Acknowledgement of Service for Foodland, filed 9/28/22). This Court therefore finds that the timing of Plaintiffs' naming of the Hawai`i Retail Defendants weighs heavily against a finding of bad faith.

In contrast, the timing of Plaintiffs' dismissal of their claims against the Hawai`i Retail Defendants could suggest bad faith retention of those defendants solely for jurisdictional purposes. The dismissal was filed less than a week before trial was scheduled to begin. See Manious, Notice of Removal, Exh. C-10 (dkt. no. 1-6 at PageID.1178-82) (Retail Defendants Stipulation). Further, Plaintiffs did not receive any consideration from the Hawai`i Retail Defendants in exchange for dismissing their claims against them. See id., Exh. F (Hosoda Decl.) (dkt. no. 1-8 at PageID.1247-55) at ¶ 6. This factor weighs in favor of a finding of bad faith.

Plaintiffs' counsel offers the following explanation for the timing of the dismissal:

17

> The Plaintiffs reached settlements with the retailer defendants after numerous settlement discussions and Court settlement conferences to streamline the consolidated trial that is expected to take nine weeks . . . . The retailers were not the only defendants the Plaintiffs just settled with. The Plaintiffs also settled with tobacco manufacturers, Philip Morris USA and Liggett Group LLC. These were "non-use" defendants, *i.e.*, Mr. Manious did not smoke their products, but they were nevertheless implicated through conspiracy to commit fraud claims.

Manious Motion, Affidavit of Alejandro Alvarez ("Alvarez Manious Motion Decl.") at ¶ 5; see also Silva Motion, Affidavit of Alejandro Alvarez ("Alvarez Silva Motion Decl.") at ¶ 5 (same as to Silva). This Court finds that Plaintiffs have provided a valid explanation for the timing of the dismissal of the Hawai`i Retailers, and therefore that factor weighs against a finding of bad faith.

The active litigation factor, however, weighs in favor of bad faith. Plaintiffs concede that they conducted "minimal discovery" regarding the Retail Defendants, including the Hawai`i Retail Defendants. See Manious Motion, Mem. in Supp. at 13. The lack of discovery has been considered an indicia of bad faith. See, e.g., Mapes, 2021 WL 3561245, at *4 ("In the nearly two years since filing suit, the Mapeses have failed to pursue their case against [Bob Baker Automotive]. There have been no depositions, no interrogatories, and no discovery requests of any kind. Compared to the extensive discovery conducted

regarding claims against FCA [US LLC], the failure to litigate the case in "any capacity" against Dealership suggests bad faith." (citation omitted)).

However, although the active litigation factor weighs in favor of a finding of bad faith, it is mitigated by the nature of Plaintiffs' primary claim against the Hawai`i Retail Defendants - strict products liability. The Hawai`i Supreme Court has held that

> one who sells . . . a defective product which is dangerous to the user or consumer . . . is subject to liability for physical harm caused by the defective product to the ultimate user or consumer, . . . if (a) the seller . . . is engaged in the business of selling . . . such product, and (b) the product is expected to and does reach the user or consumer without substantial change in its condition after it is sold . . . .

Leong v. Sears Roebuck & Co., 89 Hawai`i 204, 205, 970 P.2d 972, 973 (1998); see also Kealoha v. E.I. Du Pont de Nemours & Co., 844 F. Supp. 590, 595 (D. Hawai`i 1994) ("as a policy matter, Hawaii courts impose liability through the entire chain of distribution and manufacture under strict liability law because manufacturers and distributors can best allocate the cost of injuries which result from their defective products — they can insure against liability and then incorporate the insurance cost

19

into the price of the product" (citing <u>In re Hawaii Federal</u>
<u>Asbestos Cases</u>, 699 F. Supp. 233, 237 (D. Haw. 1988))).[7]

This Court agrees with Plaintiffs that the only
discovery unique to the Hawai`i Retail Defendants would have
addressed whether each defendant was in the chain of
distribution. <u>See</u> <u>Manious</u> Motion, Mem. in Supp. at 2. Extensive
discovery from the Hawai`i Retail Defendants was not necessary
because they admitted in their answers to the respective
complaints that they sold tobacco products. <u>See</u> <u>Manious</u>, Notice
of Removal, Exh. D-2 at state court dkt. no. 41 (dkt. no. 3 at
PageID.1982-2117) (Defendant Foodland Super Market, Limited's
Answer to Plaintiff's Complaint; Demand for Jury Trial, filed
5/2/22) at Answer to ¶ 384 ("Foodland admits that it has retail
outlets in Hawai`i for the sale of consumer products, including
tobacco products"); <u>id.</u> at state court dkt. no. 146 (dkt. no. 4
at PageID.3951-4089) (Defendant J. Hara Store, Inc.'s Answer to
Plaintiffs' Complaint; Demand for Jury Trial, filed 6/20/22) at
Answer to ¶ 384 ("J. Hara admits that it sold consumer products,
including tobacco products"); <u>Silva</u>, Notice of Removal, Exh. D-1
at state court dkt. no. 24 (dkt. no. 2 at PageID.1469-607)
(Foodland's answer, filed 10/10/22) at Answer to ¶ 396. Further,

---

[7] <u>Kealoha</u>, 844 F. Supp. 590, was affirmed on appeal, as was
<u>Hawaii Federal Asbestos Cases</u>, 699 F. Supp. 233. <u>Kealoha v. E.I.</u>
<u>du Pont de Nemours & Co.</u>, 82 F.3d 894 (9th Cir. 1996); <u>In re</u>
<u>Haw. Fed. Asbestos Cases</u>, 960 F.2d 806 (9th Cir. 1992).

Marvin Manious and Merle Silva testified that that they
purchased cigarettes from the Retail Defendants, including the
Hawai`i Retail Defendants. <u>See generally</u> Alvarez <u>Manious</u> Motion
Decl., Exh. 2 (transcript excerpts of Videotaped Deposition of
Marvin A. Manious Volumes I, II, and III); Alvarez <u>Silva</u> Motion
Decl., Exh. 2 (transcript excerpts of Videotaped Deposition of
Merle Silva, taken 8/16/23, and transcript volumes II and III).
Plaintiffs' counsel asserts no other discovery was necessary
from the Hawai`i Retail Defendants. <u>See</u> Alvarez <u>Manious</u> Motion
Decl. at ¶ 8. Plaintiffs' counsel also asserts no separate
expert testimony was necessary to address the issue of whether
the product was defective or the issue of whether the cigarettes
Marvin Manious and Merle Silva smoked caused their respective
injuries. <u>See</u> <u>id.</u> at ¶ 9.

        During the hearing on the Motions, R.J. Reynolds's
counsel argued that: there was additional discovery that
Plaintiffs' counsel could have conducted to develop further
evidence regarding Marvin Manious's and Silva's purported
purchase of cigarettes from the Hawai`i Retail Defendants; and
Plaintiffs failed to conduct discovery regarding the injury
caused by the purchase of cigarettes from the Hawai`i Retail
Defendants. Plaintiffs' counsel responded that the issues of
product defect and causation of injury were litigated against
all of the defendants collectively. R.J. Reynolds has merely

established a difference of opinion regarding litigation
strategy. Although the lack of discovery constitutes a failure
to actively litigate against the Hawai`i Retail Defendants,
Plaintiffs have offered a reasonable explanation, and therefore
the lack of discovery does not lead to a conclusion that
plaintiffs slept on their rights.

      In addition, this Court notes that Plaintiffs filed
and served an offer of judgment on the Retail Defendants,
pursuant to Hawai`i Rule of Civil Procedure 68. See Manious,
Notice of Removal, Exh. D-9 at state court docket no. 846 (dkt.
no. 9 at PageID.15171-73) (Plaintiffs' Rule 68 Offer of
Judgment, filed 12/15/23); Silva, Notice of Removal, Exh. D-5 at
state court docket no. 475 (dkt. no. 6 at PageID.9088-90)
(Plaintiffs' [sic] Rule 68 Offer of Judgment, filed 12/15/23).
On the same day, Plaintiffs filed and served offers of judgment
on Philip Morris and Liggett. See Manious, Notice of Removal,
Exh. D-9 at state court docket no. 842 (dkt. no. 9 at
PageID.15161-63) (Plaintiffs' Rule 68 Offer of Judgment, filed
12/15/23, as to Liggett); id. at state court docket no. 844
(dkt. no. 9 at PageID.15166-68) (Plaintiff's [sic] Rule 68 Offer
of Judgment, filed 12/15/23, as to Philip Morris); Silva, Notice
of Removal, Exh. D-5 at state court docket no. 471 (dkt. no. 6
at PageID.9078-80) (Plaintiffs' [sic] Rule 68 Offer of Judgment,
filed 12/15/23, as to Liggett); id. at state court docket

no. 473 (dkt. no. 6 at PageID.9083-85) (Plaintiff's Rule 68
Offer of Judgment, filed 12/15/23, as to Philip Morris). The
service and filing of offers of judgment to the Retail
Defendants indicate that Plaintiffs were trying to obtain some
type of recovery from the Retail Defendants, and the fact that
the offers of judgment to the Retail Defendants were filed
contemporaneously with offers of judgment to Philip Morris and
Liggett comports with Plaintiffs' explanation that the dismissal
of the Hawai`i Retail Defendants occurred in the context of
settlements efforts to prepare for trial and streamline the
case.

        Thus, although this Court has found that Plaintiffs
did not activity litigate their claims against the Hawai`i
Retail Defendants, this Court also finds that the failure to
actively litigate factor only weighs **slightly** in favor of a
finding of bad faith. This factor is mitigated by Plaintiffs'
reasonable explanation for the lack of discovery regarding the
Hawai`i Retail Defendants and by Plaintiffs' efforts to settle
their claims against multiple defendants prior to dismissal.

        Having considered the factors that weigh in favor of
finding bad faith and the factors that weigh against a finding
of bad faith, this Court concludes that R.J. Reynolds has not
carried its burden of demonstrating Plaintiff acted in bad
faith. Because this Court cannot find that Plaintiffs acted in

bad faith to prevent the removal of these cases, the one-year limitation in Section 1446(c)(1) applies. Because R.J. Reynolds did not remove these cases within one year of the respective commencement dates, the removals are untimely, and the cases must be remanded to the state court.[8]

## II.   Request for Removal-Related Expenses

Plaintiffs argue they are entitled to awards of the attorney's fees and costs they incurred in connection with the Motions because R.J. Reynolds's removal of the actions was objectively unreasonable. [Manious Motion, Mem. in Supp. at 21; Silva Motion, Mem. in Supp. at 21.] Title 28 United States Code Section 1447(c) states that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The United States Supreme Court has stated:

> Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied. See, *e.g.*, Hornbuckle [v. State Farm Lloyds], 385 F.3d[ 538,] 541 [(CA5 2004)]; Valdes v. Wal-Mart Stores, Inc., 199 F.3d 290, 293 (CA5 2000). In applying this rule, district courts retain discretion to consider whether unusual circumstances warrant a departure from the rule

---

[8] Because this Court has ordered the remand of these cases because the removals were untimely, it is not necessary to reach Plaintiffs' argument regarding the voluntary-involuntary rule. This Court makes no findings or conclusions regarding the merits of that argument.

> in a given case. For instance, a plaintiff's
> delay in seeking remand or failure to disclose
> facts necessary to determine jurisdiction may
> affect the decision to award attorney's fees.
> When a court exercises its discretion in this
> manner, however, its reasons for departing from
> the general rule should be "faithful to the
> purposes" of awarding fees under § 1447(c).
> Fogerty [v. Fantasy, Inc.], 510 U.S. [517,] 534,
> n.19 [(1994)]; see also Milwaukee v. Cement Div.,
> National Gypsum Co., 515 U.S. 189, 196, n.8
> (1995) ("[A]s is always the case when an issue is
> committed to judicial discretion, the judge's
> decision must be supported by a circumstance that
> has relevance to the issue at hand").

Martin, 546 U.S. at 141 (some alterations in Martin).

        Because the standard to determine whether a plaintiff
acted in bad faith to avoid removal is unsettled in the Ninth
Circuit and because this Court has found that there were some
factors which weighed in favor of a finding of bad faith, this
Court finds that R.J. Reynolds's removal of these cases was
objectively reasonable. Further, this Court does not find that
there is any extraordinary circumstance that warrants an award
of removal-related fees and costs. Although the removal was
within a week of the trial date, these cases are being remanded
within less than a month after removal. Plaintiffs' requests for
removal-related fees and costs are therefore denied.

**CONCLUSION**

        For the foregoing reasons, the Maniouses' Emergency
Motion to Remand and Supporting Memorandum of Law and Motion for
Sanctions and Silva's Emergency Motion to Remand and Supporting

25

Memorandum of Law and Motion for Sanctions, both filed
February 23, 2024, are HEREBY GRANTED IN PART AND DENIED IN
PART. The Motions are GRANTED insofar as <u>Manious</u> and <u>Silva</u> are
REMANDED to the state court. The Motions are DENIED as to
Plaintiffs' respective requests for awards of removal-related
attorney's fees and costs.

    The Clerk's Office is DIRECTED to effectuate the
remands on **March 27, 2024,** unless a timely motion for
reconsideration of this Order is filed.

    IT IS SO ORDERED.

    DATED AT HONOLULU, HAWAII, March 11, 2024.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

<u>**MERLE SILVA VS. R.J. REYNOLDS TOBACCO COMPANY**</u>**; CV 24-00087 LEK-
RT; ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS'
MOTIONS FOR REMAND AND SANCTIONS**